UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ONICA LE GENDRE,

                    Plaintiff,           **COMPLAINT**

    -against-                   Case No. 25-cv-1724

THE CITY OF NEW YORK, NYPD OFFICERS JOHN     **JURY TRIAL**
AND JANE DOE ONE THROUGH TEN (names being    **DEMANDED**
fictitious, as the true names are presently unknown),
RIVERBAY CORPORATION and CO-OP CITY POLICE
DEPARTMENT OFFICERS JOHN AND JANE DOE
ONE THROUGH TEN (names being fictitious, as the
true names are presently unknown),

                  Defendants.
-----------------------------------------------------------------X

       Plaintiff, complaining of the defendants, by LEVINE & SLAVIT, PLLC, her attorneys, respectfully alleges:

### NATURE OF THE ACTION

    1. This is an action to obtain money damages and equitable relief arising out of violation of plaintiff's rights under the Constitution of the United States and the Laws of the State of New York.

### JURISDICTION AND VENUE

    2. This action is brough pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

    3. The jurisdiction of this Court is predicated upon 42 U.S.C. §§ 1331, 1343 and 1367(a).

    4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff ONICA LE GENDRE is a resident of the County of Bronx, in the City and State of New York.

8. Defendant THE CITY OF NEW YORK was and still is a domestic municipal corporation.

9. The plaintiff has complied with all of the conditions precedent to the bringing of this action pursuant to the provisions of the Administrative Code of the City of New York and the General Municipal Law of the State of New York, having duly served notice upon the Comptroller of the City of New York of her intention to sue upon the claim hereinafter set forth, within 90 days of the accrual of the cause of action herein, and that more than 30 days have elapsed since the presentation of said notice of claim and the Comptroller of the City of New York has failed and refused to make any adjustment of said claim for 30 days after last presentment.

10. Plaintiff has appeared for a hearing pursuant to General Municipal Law § 50-h.

11. Defendant THE CITY OF NEW YORK owns and operates the New York City Police Department (hereinafter "NYPD") a department or agency of defendant responsible for appointing, training, supervising, promoting, and disciplining and

promoting police officers and supervisory police officers, including the individually named defendants herein.

12. At all the times hereinafter mentioned, defendants NYPD Officers John and Jane Doe one through ten were and are police officers employed by the NYPD. Plaintiff does not yet know the real names and shield numbers of defendants John and Jane Doe one through ten.

13. At all the times hereinafter mentioned, all individual defendants were acting under color of state law.

14. At all the times hereinafter mentioned, all individual defendants were acting within the scope of their employment and duties as NYPD Officers.

15. Defendant RIVERBAY CORPORATION is a domestic corporation incorporated under the laws of the State of New York with its principal place of business in the borough of Bronx, City and State of New York .

16. Defendant RIVERBAY CORPORATION owns and operates the Co-Op City Police Department (hereinafter "CCPD") a department or agency of defendant responsible for appointing, training, supervising, promoting, and disciplining and promoting police officers and supervisory police officers, including the individually named CCPD defendants herein.

17. At all the times hereinafter mentioned, defendants CCPD officers John and Jane Doe one through ten were and are police officers employed by the CCPD. Plaintiff does not yet know the real names and shield numbers of defendants John and Jane Doe one through ten.

18. At all the times hereinafter mentioned, all individual defendants were acting within the scope of their employment and duties as CCPD Officers.

19. At all the times hereinafter mentioned, all individual defendants were acting under color of state law.

20. The individually named defendants are sued in their individual and official capacities.

21. The individually named defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

22. On the afternoon of February 2, 2024 plaintiff was lawfully residing inside her apartment located at 100 Dekruif Place, Apartment 8E, the Borough of Bronx, City and State of New York.

23. At the aforementioned time and place, multiple NYPD officers, including but not limited to the individually named defendants, acting without probable cause, effectuated an arrest of the plaintiff.

24. At the aforementioned time and place, one or more NYPD officers caused extensive, severe, and permanent injuries to the plaintiff's body in the process of effectuating the arrest of the plaintiff.

25. At the aforementioned time and place, multiple CCPD officers, including but not limited to the individually named defendants, acting without probable cause, effectuated an arrest of the plaintiff.

26. At the aforementioned time and place, one or more CCPD officers caused extensive, severe, and permanent injuries to the plaintiff's body in the process of effectuating the arrest of the plaintiff.

27. At the time he was being arrested, plaintiff was not in possession of a weapon, was not resisting arrest, and did not present any risk of harm to any of the police officers present.

28. Plaintiff was arrested without probable cause and was not taken to a police precinct.

29. While in custody of the NYPD plaintiff was taken to a hospital to receive medical treatment for the injuries she sustained in the arrest.

### FIRST CAUSE OF ACTION FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. Defendants, under color of state law, unlawfully seized and arrested plaintiff.

32. Defendants did not have probable cause to arrest plaintiff, nor was it objectively reasonable for defendants to believe that they did have probable cause to arrest plaintiff.

33. By their conduct and actions and/or omissions in depriving plaintiff of her freedoms to be let alone, to move freely, to assemble, to associate, and to enjoy her property, in seizing him, in falsely arresting him, in assaulting and battering him, in maliciously abusing process against him, in inflicting emotional distress upon him, in

violating her rights to due process and equal protection, and/or for failing to remedy the aforementioned violations after having witnessed them or having been informed of them by report or appeal, and/or by failing properly to train, supervise, or discipline employees of the defendant City under their supervision, defendants, acting under color of law and without lawful justification, intentionally, maliciously, and/or with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, deprived plaintiff of the equal protection of the laws and/or of equal privileges and immunities under the laws and otherwise violated plaintiff's rights, and thereby caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth, Fifth, Sixth and Fourteenth Amendments.

34. As a result of the foregoing, plaintiff was deprived of her liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, costs, and expenses, and was otherwise damaged and injured.

### SECOND CAUSE OF ACTION FOR SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983

35. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

36. By failing to remedy the wrongs committed by her or her subordinates, in failing to properly train, screen, supervise, or discipline her or her subordinates, and by personally participating in the constitutional injuries set forth above, defendants caused damage and injury in violation of plaintiff's rights guaranteed under the United States Constitution through 42 U.S.C. § 1983.

37. As a result of the foregoing, plaintiff was deprived of liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

### THIRD CAUSE OF ACTION FOR FAILURE TO INTERVENE

38. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

39. Members of the NYPD have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the Police Department or other law enforcement agency employing unjustified and excessive force against a civilian or falsely arresting a civilian.

40. Defendants were present for the above-described incident and witnessed other defendants unlawfully arrest plaintiff.

41. Defendants' use of force against plaintiff was obviously excessive and unjustified under the circumstances yet defendants who were not involved in the obviously unlawful uses of force failed to take any action or make any effort to intervene, halt or protect the plaintiff from being subjected to excessive force by other defendants.

42. Plaintiff's arrest and the initiation of criminal charges against her were clearly without probable cause or other legal justification, and was based on facts alleged by defendants, which defendants knew to be false, yet defendants failed to take any action or make any effort to intervene, halt or protect plaintiff from being unlawfully and wrongfully arrested and prosecuted.

43. As a result of defendants' violations of plaintiff's constitutional rights by failing to intervene in other defendants' clearly unconstitutional use of force and plaintiff's unconstitutional arrests and prosecutions, plaintiff was deprived of plaintiff's liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

### **FOURTH CAUSE OF ACTION FOR FALSE ARREST**

44. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

45. As a result of defendants' conduct as described above, plaintiff was subjected to illegal, improper, and false arrest by defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege, or consent.

46. As a result of the foregoing, plaintiff was deprived of plaintiff's liberty and property rights, suffered bodily injury, pain and suffering, psychological and emotional injury, humiliation, costs and expenses, and was otherwise damaged and injured.

### **FIFTH CAUSE OF ACTION FOR EXCESSIVE FORCE**

47. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

48. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff's constitutional rights.

49. As a result of the foregoing, plaintiff suffered bodily injury, pain and suffering, psychological and emotional injury, humiliation, costs, and expenses, and was otherwise damaged and injured.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for the following relief:

A. Compensatory damages against the defendants jointly and severally; and

B. Punitive damages against the individual defendants; and

C. Attorney's fees and costs pursuant to 42 USC § 1988; and

D. Such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 28, 2025

LEVINE & SLAVIT, PLLC

BY:_____
THOMAS COMBS
Attorneys for Plaintiff
Office & P.O. Address
60 East 42nd Street, Suite 2101
New York, New York 10165-6233
212 687-2777
tcombs@newyorkinjuries.com