UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ONICA LE GENDRE,

Plaintiff,

-v-

CITY OF NEW YORK, et al.,

Defendants.

CIVIL ACTION NO. 25 Civ. 1724 (LAK) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

On April 22, 2026, Plaintiff Onica Le Gendre ("Plaintiff") filed an amended complaint, which added six new Defendants Francisco Floresayala ("Floresayala"), Habner Sanchez ("Sanchez"), Maggie Gonzalez ("Gonzalez"), Steffanie Pratt ("Pratt"), Joshua Diaz ("Diaz"), and Susan Arias ("Arias") (together, the "New Defendants"). (Dkt. No. 36 (the "AC")).[1] Pursuant to Federal Rule of Civil Procedure 4(m), the deadline for Plaintiff to serve the summons and AC on the New Defendants was July 21, 2026. See Fed. R. Civ. P. 4(m). On July 22, 2026, Plaintiff having not served the summons and AC on the New Defendants, the Court extended her deadline to do so to August 20, 2026. (Dkt. No. 68). On July 24, 2026, Plaintiff filed proof of service of the summons and AC on Arias, Floresayala, Gonzalez, and Sanchez. (Dkt. Nos. 69–72). On July 31, 2026, Plaintiff filed a status letter stating that five of the six New Defendants have been served. (Dkt. No. 73). On August 3, 2026, the Court endorsed Plaintiff's letter clarifying that

[1] Plaintiff's original complaint named as defendants the City of New York (the "City") and Riverbay Corporation (the "Original Defendants," together with the New Defendants, "Defendants"). (Dkt. No. 1 (the "Complaint")). In the Complaint, Plaintiff also named several John and Jane Does to represent unknown NYPD or Co-Op City Policy Department officers, which Plaintiff replaced with the New Defendants in the AC. (Dkt. No. 36).

Plaintiff only filed four proofs of service and reminded Plaintiff that she must "file an affidavit of service of the summons and AC on all of the [New] [D]efendants" by August 20, 2026. (Dkt. No. 74). On August 21, 2026, Plaintiff having not filed the required proof of service on Pratt or Diaz, the Court sua sponte extended her deadline to do so to September 4, 2026 and warned her that failure to timely file the required proof of service may result in the Court recommending that Plaintiff's claims against the unserved New Defendants be dismissed for failure to prosecute. (Dkt. No. 77). On September 4, 2026, Plaintiff filed proof of service of the summons and AC on Diaz, (Dkt. No. 78), and requested an extension of her time to file proof of service on Pratt. (Dkt. No. 79). On September 8, 2026, the Court extended Plaintiff's deadline to file the required proof of service on Pratt to October 4, 2026. (Dkt. No. 82). On September 9, 2026, Plaintiff filed the required proof of service on Pratt. (Dkt. No. 83).

On September 14, 2026, however, the City filed a letter advising that despite the proofs of service on Sanchez and Arias, (Dkt. Nos. 69; 72), those New Defendants had not been served, explaining that Sanchez "has been retired from the NYPD since 2025" and "Arias is expected to be on extended military leave." (Dkt. No. 84). The City further advised that Plaintiff's counsel "represented that he will properly serve [] Sanchez and Arias" and that the City's counsel was coordinating with the NYPD to "facilitate designation for purposes of service for these officers[.]" (Id.) That same day, the Court issued an order directing Plaintiff to file proof of service of the summons and AC on Sanchez and Arias by September 28, 2026, and held in abeyance Defendants' deadline to respond to the AC pending service on Sanchez and Arias. (Dkt. No. 85). On September 28, 2026, Plaintiff filed proof of service on Sanchez, (Dkt. No. 86), but advised that she was having difficulty serving Arias "who is currently on active military duty." (Dkt. No. 87).

On September 29, 2026, the Court issued an order stating that while it appreciates Plaintiff's difficulty in effectuating service on Arias, Plaintiff "must serve the summons and AC on Arias in order to proceed with this action." (Dkt. No. 88). Accordingly, the Court ordered Plaintiff to file a letter by October 20, 2026 (the "Letter") updating the Court on the status of her service efforts on Arias, and whether she wishes to voluntarily dismiss Arias so that the claims against the served Defendants can proceed. (Dkt. No. 88). In the meantime, the Court continued to hold in abeyance Defendants' deadline to respond to the AC, and further held discovery in abeyance given, inter alia, that service of the AC on Arias was still pending. (Id.)

To date, Plaintiff has not filed the Letter, nor has she filed proof of service of the summons and AC on Arias. The Court reminds Plaintiff that she filed the AC on April 22, 2026 — approximately six months ago. (Dkt. No. 36). While the Court understands that Plaintiff is having difficulty serving Arias given that she is on active military duty, the Court reminds Plaintiff that she must serve Arias with the summons and AC for the claims against Arias in this action to proceed. (See Dkt. No. 88). In the meantime, the delay in serving Arias is preventing the claims against the served Defendants from proceeding as well. Accordingly, as a final courtesy, the Court **EXTENDS** Plaintiff's deadline to file the required proof of service of the summons and AC on Arias, or alternatively, to file a notice of voluntary dismissal as to Arias, to **October 28, 2026**.

PLAINTIFF IS WARNED THAT FAILURE TO FILE THE REQUIRED PROOF OF SERVICE, OR A NOTICE OF VOLUNTARY DISMISSAL AS TO ARIAS, BY **OCTOBER 28, 2026** MAY RESULT IN THE COURT RECOMMENDING THAT PLAINTFF'S CLAIMS AGAINST ARIAS BE DISMISSED FOR FAILURE

TO PROSECUTE.

Dated: New York, New York
October 21, 2026

SO ORDERED.

**SARAH L. CAVE**
**United States Magistrate Judge**